UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.: 10-61673-CIV-HUCK/BANDSTRA

UNITED STATES OF AMERICA,
*ex rel.* SANCHEZ,

    Plaintiff,

v.

JAVIER ABUABARA, SR.,
JAVIER ABUABARA, JR.,
JHURY ABUABARA, and
READIX, INC.,

    Defendants.

_____/

**ORDER GRANTING IN PART AND DENYING IN PART
DEFENDANTS' MOTION TO DISMISS RELATOR'S COMPLAINT**

This matter is before the Court on the Javier Abuabara, Sr.'s ("Senior"), Javier Abuabara, Jr.'s ("Junior"), Jhury Abuabara's ("Jhury"), and Readix, Inc.'s ("Readix") (collectively, "Defendants") Motion to Dismiss the Amended Complaint (D.E. #37) of Qui Tam Plaintiff and Relator Janio R. Sanchez ("Relator") for (1) lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) by virtue of the Public Disclosure Bar of the False Claims Act, and (2) failure to state a claim for which relief can be granted and failure to state fraud with sufficient particularity under Fed. R. Civ. P. 12(b)(6) and 9(b) (the "Motion to Dismiss") (D.E. #40). For the reasons stated below, Defendant's Motion to Dismiss with respect to lack of subject matter jurisdiction is DENIED. For the reasons stated by this Court at the oral argument held on June 1, 2012, Defendants' Motion to Dismiss with respect to failure to state a claim for which relief can be granted and failure to state fraud with sufficient particularity is GRANTED with leave to amend one last time. If Relator seeks to amend his Amended Complaint, Relator must file such Second Amended Complaint with this Court on or before July 9, 2012.

1

## I.     BACKGROUND

In his Amended Complaint, Relator alleges that Defendants fraudulently induced agencies of the federal government (the Department of Defense and the Army) to award Defendants a contract for the testing of telecommunications to be used by American troops on the battlefield through false representations about Readix's financial solvency (the "financial solvency claim allegations") and ability to perform the work, including representations that Readix would employ the services of certain key personnel (the "bait-and-switch claim allegations"), in violation of Section 3729(a)(1)(A)-(C) of the False Claims Act.  *See* Am. Compl. p. 1-2 and ¶¶107-130.

In their Motion to Dismiss, Defendants claim that this Court should dismiss Relator's Amended Complaint for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) by virtue of the Public Disclosure Bar of the False Claims Act.

## II.    LEGAL ANALYSIS

Defendants argue that Relator's claims are barred under the Public Disclosure Bar, 31 U.S.C. § 3730(e)(4), because substantially the same allegations or transactions as alleged in the Amended Complaint were publicly disclosed in correspondence between George Tzanateus (a private citizen) and Christie P. Martinez (a government employee) and Relator cannot establish that he is an "original source" of the publicly disclosed information.

The Public Disclosure Bar directs the Court to "dismiss an action or claim under this section, unless opposed by the Government, if substantially the same allegations or transactions as alleged in the action or claim were publicly disclosed—(i) in a Federal criminal, civil, or administrative hearing in which the Government or its agent is a party; (ii) in a congressional, Government Accountability Office, or other Federal report, hearing, audit, or investigation; or (iii) from the news media, unless the action is brought by the Attorney General or the person bringing the action is an original source."  31 U.S.C. § 3730(e)(4).

At the outset, the Court observes that Congress's recent amendments to the Public Disclosure Bar under the 2010 health care reform law have "broadened the ability of relators to commence qui tam lawsuits under the Act enormously."  *See* Beverly Cohen, *KABOOM! The Explosion of Qui Tam False Claims Under the Health Reform Law*, 116 Penn. St. L. Rev. 1, 79 (2011).  Among other changes, Congress eliminated an absolute jurisdictional bar in favor of a

jurisdictional bar that can be lifted by government discretion. *See the Patient Protection and Affordable Care Act*, P.L. 111-148, Title X, Subtitle A, § 10104(j)(2), 124 Stat. 901 (Mar. 23, 2010).[1] At the oral argument held before this Court on June 1, 2012, James Alan Weinkle, a representative of the United States Attorney's Office, confirmed that the government would not oppose a subject matter jurisdiction dismissal if the Public Disclosure Bar was otherwise satisfied.

In determining whether a public disclosure divests the court of subject matter jurisdiction, the 11th Circuit, under the prior version of the statute, applied a three-part inquiry: "(1) have the allegations made by the plaintiff been publicly disclosed; (2) if so, is the disclosed information the basis of the plaintiff's suit; (3) if yes, is the plaintiff an 'original source' of that information." *Battle v. Bd. of Regents*, 468 F.3d 755, 762 (11th Cir. Ga. 2006) (citing *Cooper v. Blue Cross and Blue Shield of Florida, Inc.*, 19 F.3d 562, 565 n.4 (11th Cir. 1994)). While the structure of this inquiry remains good law, its content has been significantly altered by the recent health care reform amendments. Since the 11th Circuit has not yet rearticulated this inquiry in light of the amendments, this Court will do so where necessary in each part that follows.

  a. *Have the Allegations Made by the Relator Been Publicly Disclosed?*

The first part of the inquiry asks whether the allegations made by the Relator have been public disclosed. To be publicly disclosed, Congress has set forth an enumerated list of channels through which public disclosure may occur. Since the Defendants claim the public disclosure bar is satisfied by virtue of a Federal report or investigation – channels enumerated both pre- and post-health care reform – the recent amendments have no bearing on this part of the inquiry.[2]

---

[1] The U.S. Supreme Court has indicated that the amendments to the Patient Protection and Affordable Care Act are not applicable to pending cases and therefore, in *Schindler*, applied the language of the statute as it existed when the suit was filed. *See Schindler Elevator Corp. v. U.S. ex rel. Kirk*, 131 S. Ct. 1885, 1889 (2011). Since the suit in this case was filed many months after the Act was signed into law, this Court will apply the amended language. The parties agree that the amended version of the Public Disclosure Bar is applicable.

[2] Under prior law, this list implicitly included actions based on publicly available information in state or local government reports. *See Graham County Soil & Water Conservation Dist. v. United States ex rel. Wilson,* 130 S. Ct. 1396, 1411 (U.S. 2010) ("Today's ruling merely confirms that disclosures made in one type of context – a state or local report, audit, or investigation – may trigger the public disclosure bar.") Under the amendments, this holding has been legislatively

Specifically, Defendants claim that the August 2010 correspondence between Tzanateus and Martinez is either a Federal report or a Federal investigation. In *Schindler*, the U.S. Supreme Court was clear that the term "report" should be given its "broad ordinary meaning." *Schindler,* 131 S. Ct. at 1891. The Court found that a report is "something that gives information" or a "notification." *Id.* The Court also found that the three adjectives preceding the term "report," which were "congressional, administrative or Government Accountability Office" (and are now "congressional, Government Accountability Office or other Federal") "tell us nothing more than that a 'report' must be governmental." *Id.* at 1892.

Here, both the Tzanateus and Martinez letters unquestionably give information. Both letters are thus "reports" under the broad definition adopted by the U.S. Supreme Court. Since Martinez is an officer at the Department of the Army, a federal government agency, her report is a "Federal report." By contrast, the Tzanateus letter, standing alone, is a private report.[3] Given that the Martinez letter only alludes to the allegations made in the Tzanateus letter, Defendants would urge this Court to treat the correspondence together.[4] In other words, the Tzanateus letter would become a Federal report simply by being referenced in the Martinez letter. Here, there appears to be a circuit split. The Seventh Circuit has held that "[d]isclosure to an official authorized to act for or to represent the community on behalf of government can be understood as public disclosure." *United States v. Bank of Farmington*, 166 F.3d 853, 861 (7th Cir.1999). The Ninth Circuit, by contrast, considered and rejected the view of the 7th Circuit. *See United States of America, ex rel. Sean McCurdy, v. General Dynamics National Steel and Shipbuilding (NASSCO)*, 2010 WL 3463675 at *2 (S.D.Cal., Aug. 31, 2010) citing *U.S. ex rel. Meyer v. Horizon Health Corp.*, 565 F.3d 1195, 1201, n.3 (9th Cir. 2009). This Court adopts the view of the Ninth Circuit and finds that the Tzanateus letter does not become a Federal Report by virtue of the Martinez letter.

---

overruled. Now, only Federal – as opposed to state and local – disclosures are barred. Private (non-governmental) disclosures were never barred.

[3] It is clear that the Tzanateus letter, standing letter, may not be viewed as a "Federal investigation."

[4] It is noteworthy that not only did the Martinez letter not adopt by reference the Tzanateus allegations, but it refuted them.

### b. Does the Disclosed Information Contain Substantially the Same Allegations or Transactions as Alleged in Plaintiff's Complaint?

The second part of the 11th Circuit's inquiry asked whether the disclosed information was the basis of the plaintiff's suit. This inquiry derived from the statutory language that "[n]o court shall have jurisdiction over an action under this section <u>based upon</u> the public disclosure of allegations or transactions in [an enumerated list] (emphasis added)." *See* 31 USC § 3730, 99 P.L. 562, 100 Stat. 3157 (Oct. 27, 1986). Under the new amendments, however, Congress replaced the "based upon" language with the "substantially the same" language in order to resolve a circuit split. *See U.S. ex rel. Black v. Health & Hosp. Corp. of Marion County*, 2011 WL 1161737, \*6 (D.Md. Mar. 28, 2011). The 11th Circuit had previously interpreted "based upon" to mean "supported by," which represented a higher hurdle for relators than the Public Disclosure Bar in other circuits. *Cooper*, 19 F.3d at 567.[5] Under this interpretation, if a complaint was based, even if in part, on allegations or transactions that were publicly disclosed, the whistleblower's suit would be precluded. *See id.* The 11th Circuit recognized, however, that had Congress said "solely based on" rather than "based on," its jurisdiction would be expanded. *Id.* In light of the recent amendments which limit the Public Disclosure Bar to only those disclosures that are "substantially the same" rather than "based upon," it follows that Congress has now expanded the Court's jurisdiction by lowering the Public Disclosure Bar. Accordingly, the second part of the inquiry should now ask whether the disclosed information contains substantially the same allegations or transactions as alleged in the Relator's complaint.

Here, the Court need only inquire whether the Martinez letter contained substantially the same allegations or transactions as alleged in the Relator's Amended Complaint since the Court has already found that the Tzanateus letter is not a Federal report. At the oral argument held before this Court on June 1, 2012, counsel for Defendants properly conceded that both the

---

[5] It is notable that other circuits were critical of the 11th Circuit's interpretation. *See, e.g., United States ex rel. Siller v. Becton Dickinson & Co. by & Through its Microbiology Sys. Div.*, 21 F.3d 1339, 1349 (4th Cir. 1994) ("The Precision decision, for example, baldly asserts that "as a matter of common usage, the phrase 'based upon' is properly understood to mean 'supported by.'" 971 F.2d at 552. We are unfamiliar with any usage, let alone a common one or a dictionary definition, that suggests that "based upon" can mean "supported by.").

Tzanateus and Martinez letters did not contain the financial solvency claim allegations. Therefore, the financial solvency claim was not publicly disclosed.  With respect to the "bait and switch" claim allegations, the Court finds that the Martinez letter did not contain them.   The 11th Circuit has held that the public disclosure of allegations that the defendant "actually engaged in wrongdoing" is necessary before invoking the public disclosure bar.  *See Cooper*, 19 F.3d at 567. The Martinez letter does not suggest that Defendants engaged in wrongdoing.  In fact, it refutes this proposition.  It therefore does not contain substantially the same allegations or transactions of wrongdoing as set forth in Relator's action.  Accordingly, the elements of the Public Disclosure Bar are not satisfied and the third prong need not be considered.  Thus, Defendant's Motion to Dismiss is DENIED insofar as it relates to lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1).

### III.   CONCLUSION

For the reasons set forth above, Defendant's Motion to Dismiss with respect to lack of subject matter jurisdiction is DENIED.  For the reasons stated by this Court at the oral argument held on June 1, 2012, Defendants' Motion to Dismiss with respect to failure to state a claim for which relief can be granted and failure to state fraud with sufficient particularity is GRANTED with leave to amend one last time. If Relator seeks to amend his Amended Complaint, Relator must file such Second Amended Complaint with this Court on or before July 9, 2012.

DONE AND ORDERED in Chambers, Miami, Florida, June 4, 2012.

_____
Paul C. Huck
United States District Judge

<u>Copies furnished to</u>:
All counsel of record